MARK K. SCHONFELD (MS-2798)
Regional Director
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
233 Broadway
New York, NY  10279
(646) 428-1630

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,

                         Plaintiff,

      -against-

SAVE THE WORLD AIR, INC.,
JEFFREY ALAN MULLER, and
BILLY BLACKWELDER,
                     Defendants.
-------------------------------------------------------------------------  01 CV 11586 (GBD) (FM)
SAVE THE WORLD AIR, INC.,

                     Cross-Claimant,

      -against-

JEFFREY ALAN MULLER, LYN MULLER,
MURRAY MULLER, GUY MULLER, ALAN
MULLER, MELISSA MULLER, WINCHESTER
CAPITAL CORP., CEDARVIEW INTERNATIONAL
CORP., BOKSBERT UNTERNEHMEN,
SAN BLAS DESARROLO, CANVASS
PACIFIC LTD., REDGRAVE, INC., GREYON
PROPERTIES, INC., DOUGLAS, INC., CASTEEN
INTERNATIONAL LTD., PEREGUINE CORP.,
TROY INTERNATIONAL, INC., LOYALTY
UNITED INTERNATIONAL, INC., AND DOES 1-10,

                     Cross-Defendants.
-------------------------------------------------------------------------

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN OPPOSITION TO DEFENDANT JEFFREY MULLER'S MOTION FOR RELIEF FROM DEFAULT**

**PRELIMINARY STATEMENT**

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this Memorandum in Opposition to Defendant Jeffrey Muller's ("Muller's") Motion for Relief from Default.  Muller seeks in the present motion to have, in effect, a second opportunity to file an opposition to the Commission's Motion for Summary Judgment.  However, Muller's filing of a Rule 60 Motion for Relief from Judgment or Order is entirely inappropriate, as there has been no final judgment, order, or proceeding as contemplated by Rule 60.  Even if Rule 60 were applicable here, which it is not, Muller has shown no "mistake, inadvertence, surprise, or excusable neglect" that would justify the extraordinary relief he seeks.  Muller's attempt to file a second opposition to the Commission's Summary Judgment Motion, more than nine months after the Summary Judgment Motion was filed, and four months after Muller's opposition was due, should be denied.  The present motion is baseless, and an attempt to cause further unnecessary delay in these proceedings.

**PROCEDURAL HISTORY**

The Commission commenced this action on December 19, 2001, by filing a Complaint against Save the World Air, Inc. ("STWA"), Muller and Billy Blackwelder ("Blackwelder"), alleging violations of the antifraud, anti-touting and reporting provisions of the federal securities laws.[1]  On or about April 7, 2004, after protracted discovery, this case was referred to Magistrate Judge Maas, who held a telephonic conference and set a schedule for the filing of summary judgment motions.  See Order dated April 28, 2004.  The Commission timely filed its Motion for

---

[1]  For a more complete discussion of the facts of this case, see Plaintiff's Motion for Summary Judgment and accompanying papers, filed May 28, 2004, which are hereby incorporated by reference.

1

Summary Judgment on May 28, 2004, and served the Motion on Muller by overnight courier, as ordered by the Court.[2]

By letter dated June 17, 2004, Muller moved for an extension of time until August 31, 2004, in which to respond to the Commission's Motion for Summary Judgment, which the Court granted. See Endorsed Letter dated June 29, 2004. Subsequently, on August 26, 2004, Muller again requested an extension of time to respond until October 1, 2004, which the Court also granted. See Letter from Heath Rosenthal, dated August 27, 2004. On September 20, 2004, Muller requested, and was granted, a third extension of time. See Memo Endorsement dated September 27, 2004.[3] None of Muller's motions for extensions of time were opposed by the Commission. Muller responded to the Commission's Motion for Summary Judgment and the Court subsequently precluded the filing of any papers beyond a reply. See Endorsed Letter dated December 8, 2004. Now, Muller moves the Court "for an Order relieving Muller from his default in filing full, complete and proper Oppositions to the concurrent Motions for Summary Judgment." Muller's motion should be denied.

## LEGAL ARGUMENT

**A.   Muller's Motion Pursuant to Rule 60 is Inapplicable and Should be Denied Because There Has Been No Final Judgment, Order, or Proceeding**

"Rule 60(b) clearly states that 'on motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding' on any of six enumerated

---

[2] Due to a docketing error, the Commission's motion and accompanying papers were not properly docketed when they were filed on May 28, 2004. The Court corrected this error by Order dated January 14, 2005, ordering the Commission to again produce the papers to the Clerk, who was to docket the papers nunc pro tunc as of May 28, 2004. The Commission again produced the papers to the Clerk on January 19, 2005, who docketed the papers on January 25, 2005.

[3] Incredibly, in the present Motion, Muller falsely asserts that he "has not sought or obtained

grounds.'" Glendora v. Malone, 165 F.R.D. 42 (S.D.N.Y. 1996) (quoting Fed. R. Civ. P. 60(b)). "The crucial word … is 'final.'" Id. There has been no "final judgment, order or proceeding" from which Muller can seek Rule 60 relief. The Court's April 28, 2004 scheduling order is not a final order within the meaning of Rule 60. Rule 60(b) simply is not applicable in this situation and Muller's motion should be denied.

**B.     Muller's Motion Pursuant to Rule 60  Should be Denied Because Muller Has Not Shown Mistake, Inadvertence, Surprise or Excusable Neglect**

Even if Rule 60 were appropriate, which it is not, Muller is not entitled to the extraordinary relief he seeks. Muller has responded to the outstanding motions for summary judgment. With the present motion, Muller attempts to persuade the Court to permit him to file yet another response, arguing that his previous response was "not consistent with the rigors required to oppose properly the [summary judgment motions] … due to the inadvertence and excusable neglect of Muller who, at the time, attempted to respond to the [motions] as a pro se litigant but failed to adequately oppose the [motions]." Muller offers his pro se status to indicate the existence of circumstances warranting the extraordinary relief sought. This assertion is unpersuasive and insufficient to meet the standard of Rule 60. See Salter v. Hooker Chem. Durez Plastic & Chem. Div., 119 F.R.D. 7, (W.D.N.Y. 1988) (denial of Rule 60 motion by pro se plaintiff who later obtained counsel because it was simply "an attempt to relitigate the action").

Muller further contends that "federal judicial policy inclines toward granting the relief prayed for in relief," citing Wagstaff-El v. Carlton Press Co., 913 F.2d 56 (2d Cir. 1990). In Wagstaff-El, the Court affirmed the district court's vacating a default judgment entered against the appellee and granting summary judgment in favor of the appellees on the basis that the appellant's claims were either facially invalid or utterly unsupported. Id. at 57. However, the

---

any previous continuances or extensions of time regarding this matter."

3

Court noted, as is the case here, "[were the claims] based on grounds of even minimal colorable validity, vacating the default judgment might have been an abuse of discretion." Id.

Muller asserts that "he did not have the capability to do the work properly, partially, because he was mired in an Australian Bankruptcy which made it economically impossible for him to find representation." However, during the status conference on April 27, 2004, Muller informed the Court that he planned to travel to the United States to attend a shareholder meeting. See Report and Recommendation to the Honorable George B. Daniels, dated May 21, 2004. Muller also informed the Court that he was in the United States from mid-May until August. See Endorsed Letter, dated June 29, 2004. These facts belie Muller's claim that he was "mired" in his Australian bankruptcy during this time period.

Furthermore, Muller has been bankrupt since March 2002. Muller has not explained how his ongoing bankrupt status -- or any other "personal circumstances" alluded to in his motion papers -- particularly affected the filing of his response to the Commission's Motion for Summary Judgment. Notably, Muller did not mention the circumstances now asserted in his numerous motions for extension of time in connection with the filing of his response, asserting instead that the bases for his extensions were his trip to the United States and a subsequent computer crash. See Endorsed Letter, dated June 29, 2004; Muller's Request for Extension of Time to File Opposition to Summary Judgment Motions, dated September 20, 2004. Clearly, Muller's assertions now that his bankruptcy and other "personal circumstances" impeded him are disingenuous and make specious his claim that he is acting in good faith.

Muller has cited no precedent for the relief he seeks and the Commission is not aware of any. In the case relied upon by Muller, Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), the Supreme Court provided guidance as

4

to the meaning of the term "excusable neglect."  The Court held that the determination is an equitable one, taking into account all relevant circumstances surrounding the party's omission. 507 U.S. at 395.  These include (1) the danger of prejudice to the adverse party; (2) the length of any delay caused by the neglect and its effect on the proceedings; (3) the reason for the neglect, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith.  Id.

Here, all factors weigh strongly in favor of denying Muller's request.  This matter has already been delayed substantially due to Muller's non-compliance with discovery obligations, which on occasion necessitated the Court's intervention.  See, e.g., Order dated February 25, 2003 and Order dated April 11, 2003.  The instant motion is yet another dilatory tactic designed to unnecessarily and unfairly protract these proceedings.  Muller's attempt to minimize this delay by pointing out that the Commission's Motion for Summary Judgment was docketed on January 25, 2005, due to a docketing error, is misplaced.  The Commission's Motion for Summary Judgment was filed and served on Muller on May 28, 2004.  The fact that the docket subsequently was corrected to reflect this fact does not alleviate the prejudice to the Commission by further delaying this case.

Muller has not demonstrated how, absent his desired second bite at the apple, this case will be resolved without complete examination of the merits.  Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  Ilardi v. Bechtel Power Corp., 106 F.R.D. 567, 570 (E.D.N.Y. 1985).  The burden is on the moving party to demonstrate the exceptional circumstances which warrant the extraordinary relief.  See id.; Salter, 119 F.R.D. at 4.  Muller has not met that burden.

## CONCLUSION

Rule 60 is inapplicable to Muller and Muller has set forth insufficient basis for the extraordinary relief he requests. For the reasons set forth in this Memorandum, the Commission requests that this court deny Muller's Motion for Relief from Default.

Dated: March 10, 2005

                              Respectfully submitted,

By: _____
     VALERIE A. SZCZEPANIK (VS-0335)
     *admitted pro haec vice*
     Attorney for Plaintiff
     Securities and Exchange Commission
     Northeast Regional Office
     233 Broadway
     New York, NY 10279
     Ph: (646) 428-1915
     Fx: (646) 428-1978
     SzczepanikV@sec.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Plaintiff Securities and Exchange Commission's Memorandum in Opposition to Defendant Jeffrey Muller's Motion for Relief from Default, by mailing a copy of same via Federal Express postage prepaid on this 10th day of March 2005, to:

Leodis C. Matthews, Esq.
Attorney for Defendants Save the World Air, Inc. and Billy Blackwelder
Matthews & Partners
4322 Wilshire Blvd. – Suite 200
Los Angeles, CA  90010

Barry L. Silver, Esq.
Attorney for Defendant Jeffrey Alan Muller
1875 Century Park East, Suite 1000
Los Angeles, CA  90067

Mustafa David Sayid, Esq.
Attorney for Defendant Jeffrey Alan Muller
Sayid and Associates LLP
408 W 57th Street, Suite 8E
New York, NY  10019

George McMillan
Bentley MRI Group Pty Ltd
Suite 1, Kingfisher Centre
13 Karp Court
Bundall, Queensland 4217
AUSTRALIA

Nick Combis, Partner
Vincents Chartered Accountants
Level 27
239 George Street
Brisbane 4000
AUSTRALIA


Dated: _____

                        Respectfully submitted,


By: _____
     VALERIE A. SZCZEPANIK (VS-0335)
     *admitted pro haec vice*
     Attorney for Plaintiff
     Securities and Exchange Commission
     Northeast Regional Office
     233 Broadway
     New York, NY 10279
     Ph: (646) 428-1915
     Fx: (646) 428-1978
     SzczepanikV@sec.gov