UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,
                        Plaintiff,                <u>MEMORANDUM DECISION</u>
      -against-                                      <u>AND ORDER</u>
                                                                         01 CV 11586 (GBD)

SAVE THE WORLD AIR, INC.,
JEFFREY ALAN MULLER and
BILLY BLACKWELDER,
                           Defendants.
------------------------------------------------------------------x
SAVE THE WORLD AIR, INC.,
                         Cross-Claimant,
      -against-

JEFFREY ALAN MULLER, LYN MULLER,
MURRAY MULLER, GUY MULLER, ALAN
MULLER, MELISSA MULLER, WINCHESTER
CAPITAL CORP., CEDARVIEW INTERNATIONAL
CORP., BOKSBERT UNTERNEHMEN,
SAN BLAS DESARROLO, CANVASS
PACIFIC LTD., REDGRAVE, INC., GREYON
PROPERTIES, INC., DOUGLAS, INC., CASTEEN
INTERNATIONAL LTD., PEREGUINE CORP.,
TROY INTERNATIONAL, INC., LOYALTY
UNITED INTERNATIONAL, INC., AND DOES 1-10.
                         Cross-Defendants.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

       Defendant Jeffrey Alan Muller moved to disqualify the law firm of Matthews and Partners ("Matthews") as counsel for cross-claimant Save the World Air, Inc. ("STWA"). The motion is denied.

       Movant argues that disqualification of counsel is necessary because Matthews had initially represented both Mr. Muller and STWA prior to the Securities and Exchange Commission's ("SEC") filing the complaint at bar against Mr. Muller and STWA and prior to

counsel filing a cross-claim against Mr. Muller on behalf of STWA. Additionally, Mr. Muller contends that it will likely be necessary for counsel to be called as a witness at trial.

Matthews began representing STWA when it was under investigation by the SEC. On August 24, 2000, Matthews sent the SEC a letter stating that the law firm represented STWA. (STWA's Mem. Opp'n Mot. Ex. A). On October 6, 2000, Mr. Muller, as Chairman of STWA, authorized Matthews to act on STWA's behalf as its attorney with regard to matters relating to the SEC and the trading of STWA stock (Id. Ex. B at 1). Counsel's October 6, 2000 engagement letter specifically advised that the law firm was retained to provide legal services for STWA. (Id. at 2-3). On June 19, 2001, STWA's Board of Directors adopted a resolution for the retention of Matthews' legal services on behalf of STWA. (Id. Ex. C). The STWA minutes and corporate resolutions were witnessed and signed by Mr. Muller, as STWA's Secretary. (Id. at 2). The minutes state:

> That Leodis C. Matthews is retained as separate counsel for Save the World Air, Inc., ("STWA") and is empowered to handle all issues related to the matter pending before the Securities & Exchange Commission . . . The Board will also enter into an agreement for his continued services as Corporate counsel for STWA. It is hereby resolved that any and all perceived conflicts of interest by any dual representation and advice between STWA and any present and former officer or executive of STWA, after consultation with separate counsel, is hereby waived. STWA acknowledges that an explanation of any potential conflict [has] been explained. All previous legal actions and representations with the SEC by Mr. Matthews have been ratified. (Id. at 1).

By e-mail dated January 17, 2002, Leodis Matthews wrote Mr. Muller to clarify any questions Mr. Muller may have had regarding a possible conflict of interest. (Id. Ex. D at 1). Therein, Mr. Matthews explained that "[f]rom the beginning I have represented STWA and my agreement is with the company in its corporate status." (Id.). He further advised that "while I

2

recognized you have consulted with separate counsel concerning the issue of your resignation, unless your resignation is forthcoming and any conflicts with the Company resolved before litigation, I have to refuse to participate in your defense before the SEC." (Id. at 2). In response to Mr. Matthews' correspondence, Mr. Muller e-mailed him on January 22, 2002 stating, "[n]o conflict has ever existed between myself and this company . . ." (Id. at 1).

In his declaration, Leodis Matthews denies that he or his law firm has ever personally represented Mr. Muller aside from legal services rendered on behalf of STWA. (Matthews Decl. ¶4). In STWA's memorandum of law, it is indicated that in response to subpoenas issued by the SEC, Matthews represented STWA's corporate executive and employees, including Mr. Muller, solely in their corporate capacity. (STWA's Mem. Opp'n Mot. at 3). STWA claims that these witnesses were questioned about STWA's business practices and operations. (Id.). STWA denies that Matthews received any compensation from Mr. Muller. (Id.).

The SEC commenced this action on December 12, 2001. On July 2, 2002, STWA filed a cross-complaint against a number of defendants including Mr. Muller. On November 29, 2004, Mr. Muller filed his motion seeking to disqualify counsel who has continuously represented STWA in this litigation for almost three years. Although the Court finds Mr. Muller belatedly asserted his claim, the Court is mindful that a party's delay in moving for disqualification cannot justify the continued breach of an attorney's professional responsibilities. Emle Indus., Inc. v. Patentex, Inc., 478 F.2d 562, 574 (2d Cir. 1973). Nevertheless, the Court finds that Mr. Muller's claim is meritless.

Disqualification motions are generally disfavored as "[t]hey are often tactically motivated, they cause delay and add expense; they disrupt attorney-client relationships

3

sometimes of long standing; in short, they tend to derail the efficient progress of litigation." See, Felix v. Balkin, 49 F.Supp.2d 260, 267 (S.D.N.Y. 1999); see also, Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979). Although the right to counsel of one's own choosing is vital, that right can be overridden where compelling reasons exist justifying disqualification. Bottaro v. Halton Assocs., 680 F.2d 895, 897 (2d Cir. 1982). No such reasons exist in the case at bar.

The record is barren of any evidence that Matthews represented Mr. Muller in his individual capacity or that Mr. Muller reasonably believed this to be so. There has been no showing that Mr. Muller communicated with Matthews as to matters that did not concern STWA or its general affairs, or that he sought or received personal legal advise from Matthews. Under such circumstances, Mr. Muller's has failed to establish that Matthews represented Mr. Muller in his individual capacity. See, United States v. Int'l Bhd. of Teamsters, 119 F.3d 210, 215-17 (2d Cir. 1997); Evans v. Artek Sys. Corp., 715 F.2d 788, 793 (2d Cir. 1983). Moreover, Mr. Muller has no right to assert a client-attorney privilege with regard to any communications he may have had with Matthew regarding STWA's corporate matters. Int'l Bhd. of Teamsters, 119 F.3d at 215 ("Recognizing that entities can act through agents, courts have held that any privilege that attaches to communications on corporate matters between corporate employees and corporate counsel belongs to the corporation, not to the individual employee, and that employees generally may not prevent a corporation from waiving attorney-client privilege arising from such communications."). In light of the foregoing, there is no evidence to suggest that the law firm of Matthews and Partners represented both Mr. Muller and STWA, and hence no conflict of interest exists.

Furthermore, Mr. Muller sets forth no factual allegations to support his conclusory

4

assertion that it is likely that Mr. Matthews will testify at trial. There is no basis to support a finding that Mr. Matthews has any relevant, personal knowledge of the facts underlying this dispute that would arguably make him a proper witness at trial. Mr. Muller has made no showing that the law firm's investigation or its representative conduct, on behalf of STWA, will be a material issue at trial. Thus, Matthews continued representation of STWA will not act as an impediment to the just litigation of this matter.

Accordingly, defendant Jeffrey Allen Muller's motion to disqualify counsel is hereby denied.


Dated: New York, New York
       May 9, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge