UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,     MEMORANDUM DECISION
                Plaintiff,                        AND ORDER
      -against-                                  01 CV 11586 (GBD)

SAVE THE WORLD AIR, INC.,
JEFFREY ALAN MULLER and
BILLY BLACKWELDER,
                Defendants.
-------------------------------------------------------------------x
SAVE THE WORLD AIR, INC.,
                Cross-Claimant,
      -against-

JEFFREY ALAN MULLER, LYN MULLER,
MURRAY MULLER, GUY MULLER, ALAN
MULLER, MELISSA MULLER, WINCHESTER
CAPITAL CORP., CEDARVIEW INTERNATIONAL
CORP., BOKSBERT UNTERNEHMEN,
SAN BLAS DESARROLO, CANVASS
PACIFIC LTD., REDGRAVE, INC., GREYON
PROPERTIES, INC., DOUGLAS, INC., CASTEEN
INTERNATIONAL LTD., PEREGUINE CORP.,
TROY INTERNATIONAL, INC., LOYALTY
UNITED INTERNATIONAL, INC., AND DOES 1-10.
                Cross-Defendants.
-------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

      Defendant Jeffrey Alan Muller made a "Motion for Relief from Default" seeking an order granting him the right to file "full, complete and proper" opposition papers to the summary judgment motions separately filed by plaintiff Securities and Exchange Commission ("SEC") and by cross-complainant Save the World Air, Inc. ("STWA"). Mr. Muller has also moved, pursuant to Fed.R.Civ.P. 11, for an order imposing sanctions against STWA and its attorney Leodis Matthews. The motions are denied.

# MOTION TO FILE FURTHER OPPOSITION PAPERS

Mr. Muller, who is now represented by counsel, contends that he should be afforded a further opportunity to file opposition papers with regard to the two outstanding summary judgment motions. He argues that he was acting *pro se* when he initially responded to the motions, and therefore lacked the proper comprehension as to the nature of the motions. He claims that his initial response failed to set forth "abundant issues of fact which remain unresolved and is in dispute" with regard to the summary judgment motions. (Def. Muller's Mem. Supp. Relief from Default at 3). Relying on Fed.R.Civ.P. 60(b), Mr. Muller argues that his motion should be granted because his filing of deficient papers was due to his excusable neglect and inadvertence, and because his inadequate response will impact on his existing, personal financial crisis. Also relying on Rule 60(b), Mr. Muller argues that since no judgment has been entered and no actual injustice will occur by providing him a short period of time to file appropriate opposition papers, his application should be granted on equitable principles. This Court disagrees.

Movant erroneously relies on Fed.R.Civ.P. 60(b) in support of his application. Rule 60(b) grants the Court the discretion to relieve a party from a final judgment or order because of the party's inadvertence or excusable neglect. Plaintiff is not seeking relief from a *final* judgment or order, and hence this section is inapplicable. Indem. Ins. Co. of N. Am. v. Reisley, 153 F.2d 296, 299 (2d Cir. 1946); Glendora v. Malone, 165 F.R.D. 42, 43 (S.D.N.Y. 1996), *aff'd*, 101 F.3d 1393 (2d Cir. 1996). Even if the statute did apply, plaintiff's *pro se* status, alone, is an insufficient basis for relief under Rule 60(b). See, Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 85 (S.D.N.Y. 2003); Salter v. Hooker Chem., Durez Plastic & Chem. Div., 119

F.R.D. 7, 8-9 (W.D.N.Y. 1988).

Mr. Muller has failed to establish any equitable or legal basis to warrant the granting of his application. The summary judgment motions were filed by the SEC and STWA on May 28, 2004 and August 27, 2004, respectively. On June 29, 2004, Mr. Muller's request for an extension of time, until August 31, 2004, to file reply papers was granted. On September 9, 2004, the Court granted Mr. Muller another extension of time, until October 1, 2004, to file his opposition papers. On September 24, 2004, Magistrate Judge Maas, to whom the summary judgment motions were referred, further extended Mr. Muller's time to file papers until November 10, 2004.

Although Mr. Muller filed papers opposing the motions, he now moves to supplement those papers more than seven months after the SEC filed its motion and more than six months after STWA filed its motion. Although Mr. Muller's counsel indicates that his client's opposition papers did not address the "abundant issues of fact" that are present in this case, counsel fails to specify any of the purported issues of fact which he claims exists.[1] Mr. Muller's application focuses on his alleged inability, as a layperson, to file adequate papers. However, this litigation has spanned a number of years, and only recently has Mr. Muller obtained counsel. There has been extensive motion practice in this action. Mr. Muller has filed numerous other motion papers in connection with motions made by him and in opposition to motions made by his adversaries. Although Mr. Muller's counsel now claims his client lacks the sophistication to

---

[1] In violation of this Court's order, Mr. Muller failed to testify at his deposition. Mr. Muller appeared for the deposition, was sworn in, was present during the deposition of other witnesses, but then failed to appear when it was time for his deposition to take place. It is disingenuous for Mr. Muller to argue that there exists an abundance of unresolved factual issues when he himself took affirmative steps to thwart discovery in this action.

3

file adequate papers, counsel does not proffer any legally viable basis, not previously addressed by Mr. Muller, that could arguably serve as some additional meritorious defense to the motions. Since no factual showing has been made that Mr. Muller's opposition papers were deficient, his motion for relief is denied.

## MOTION FOR RULE 11 SANCTIONS

Mr. Muller is also seeking an order imposing Rule 11 sanctions against both STWA and its counsel Mr. Matthews. The specific sanctions requested is that the pleadings of STWA, including its cross-complaint and motion for summary judgment, be struck and Mr. Muller be awarded monetary damages. Mr. Muller argues that sanctions are appropriate because Mr. Matthews represented both STWA and Mr. Muller. He claims that Mr. Matthews utilized the confidential material he gained, while representing Mr. Muller, to draft the cross-complaint and summary judgment motion.

By Memorandum Decision and Order, this Court previously denied Mr. Muller's *pro se* motion to disqualify STWA's counsel on the identical grounds raised in the instant motion. This Court concluded that there was no evidence to suggest that Mr. Matthews or his law firm represented both Mr. Muller and STWA, and accordingly no conflict of interest existed. Thus, Mr. Muller's present motion for sanctions, under Rule 11, against STWA and Mr. Matthews on the grounds of dual representation by counsel is meritless.

## CONCLUSION

Defendant Jeffrey Alan Muller's motion for relief from default and his motion to impose

sanctions against cross-claimant Save the World Air, Inc. and its counsel, are denied.

Dated: New York, New York
      May 18, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge