UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SECURITIES AND EXCHANGE         :
COMMISSION
                       Plaintiff,         :

                     **MEMORANDUM**
     - against -             :  **DECISION AND ORDER**

SAVE THE WORLD AIR, INC., and    :   01 Civ. 11586 (GBD)(FM)
JEFFREY ALAN MULLER,
                     Defendants.        :

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

        On December 16, 2005, defendant Jeffrey Alan Muller ("Muller") filed a motion pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b)") to set aside my Memorandum Decision and Order, dated November 15, 2005 ("Decision" or "Dec."), granting the SEC's motion for summary judgment. For the reasons that follow, Muller's motion is denied.

    A.    Relevant Facts

        On May 28, 2004, the SEC moved for summary judgment against Muller. (Docket Nos. 65-70). Muller submitted opposition papers on October 30, 2004, although he never filed them with the Clerk of the Court. Thereafter, the SEC filed reply papers on November 17, 2004. (Docket Nos. 53-54).

        Footnote 3 of the Decision addressed Muller's failure to file his opposition papers as well as a subsequent bureaucratic glitch. It stated (in retrospect too succinctly):

1

"Muller's opposition memorandum was never filed. I recently requested that it be filed, but learned that it has been lost." (Dec. at 3 n.3). What the footnote was intended to convey, however, was that I had read and reviewed Muller's detailed response to the SEC's motion. Thereafter, my Chambers had forwarded it to the Clerk's office for docketing. Regrettably, it appears to have been lost in transit and never was docketed. Muller's papers in opposition to Save the World Air's summary judgment motion (which still is pending) also appear to have met the same fate.

B. Discussion

Rule 60(b) provides, in part, that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
>     . . . .
>
>     . . . ; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). As the Second Circuit has observed, Rule 60(b) "preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." Paddington Partners v. Bouchard, 34 F.3d 1132, 1144 (2d Cir. 1994) (quoting House v. Secretary of Health & Human Servs., 688 F.2d 7, 9 (2d Cir. 1982)). Although the rule "should be broadly construed to do 'substantial justice,' . . .

2

final judgments should not be 'lightly reopened.'" Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981)). Accordingly, a court should grant relief only upon a showing of exceptional circumstances. Nemaizer, 793 F.2d at 61; Ovadiah v. New York Assoc. for New Ams., Nos. 95 Civ. 10523 (SS), 96 Civ. 330 (SS), 1997 WL 342411, at *5 (S.D.N.Y. June 23, 1997). The fact that a party has proceeded pro se is not enough to meet this stringent standard. Id.; Colon v. LeFevre, No. 85 Civ. 313, 1989 WL 131324, at *2 (N.D.N.Y Oct. 30, 1989).

Here, reading footnote 3 of the Decision in isolation, Muller argues that the SEC's motion was granted "without the Court reviewing any opposition submitted by [him]." (Def.'s Mem. of Pts & Authorities at 4). This, however, is incorrect. Indeed, even a casual review of the decision establishes this fact since Muller's papers are frequently cited. (See Dec. at 7, 16, 24, 38-40 & 44).

Muller also suggests that the failure to consider his papers is especially egregious since he is proceeding pro se. As noted earlier, Muller's pro se status does not entitle him to any special consideration. Moreover, to the extent that this argument replicates the one that he advanced to Judge Daniels in connection with an earlier Rule 60(b) motion, it constitutes a motion for reconsideration which must be denied as untimely. See Local Civ. R. 6.3 ("A notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within ten (10) days after the entry of the court's order determining the original motion.").

C.  Conclusion

For the foregoing reasons, Muller's motion pursuant to Rule 60(b) to set aside the Court's decision granting summary judgment to the SEC is denied. (Docket No. 99). Additionally, Muller is directed to file with the Clerk of the Court within 30 days copies of his prior papers in opposition to the SEC and Save the World Air motions for summary judgment, together with an affidavit establishing proper service on his adversaries.

SO ORDERED.

Dated: New York, New York
March 31, 2006

FRANK MAAS
United States Magistrate Judge

Copies to:

Hon. George B. Daniels
United States District Judge

Valerie Ann Szczepanik, Esq.
U.S. Securities and Exchange Commission (New York)
233 Broadway
New York, New York 10279
Fax: (212) 336-1317

Leodis C. Matthews, Esq.
Matthews & Partners
4322 Wilshire Boulevard, Suite 300
Los Angeles, CA 90010
Fax: (323) 930-5693

Barry L. Silver
Law Office of Barry L. Silver
1875 Century Park East, Suite 1000
Los Angeles, CA 90067
Fax: (310) 772-0037